## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN MOSES** | : | |
| **a/k/a SHAWN MOSS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-3027** |
| | : | |
| **PATRICK GECKLE, ESQ.,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

**MCHUGH, J.**                                                              **AUGUST 19, 2022**

Currently before the Court is a Complaint filed by Plaintiff Shawn Moses, a self-represented litigant, against Patrick Geckle, an attorney who represented Moses in a civil rights lawsuit.  Moses seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Moses leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### I.    FACTUAL ALLEGATIONS[1]

Moses's Complaint in the instant civil action raises claims against Geckle based on alleged defects in his representation.  Specifically, Moses asserts that he intends to assert "a legal malpractice claim against Patrick Geckle for [] gross negligence . . . & breach of contract." (Compl. (ECF No. 2) at 5.)  Moses avers that his "6th & 14th Amendment rights have been violated by civil counsel's neglect" because Geckle submitted a dismissal on April 30, 2021 in *Moses v. The*

---

[1] The following allegations are taken from the Complaint and public records of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*Philadelphia Police Dist. 19 Nets Team*, Civil Action No. 14-4744,[2] without notifying him. (*Id.* at 3.)  Moses contends that, pursuant to the Rules for Professional Conduct – specifically Rule 1.4, Geckle had a duty to communicate with him prior to filing a notice of voluntary dismissal in his civil case.  (*Id.* 3-4.)  Moses seeks compensatory damages "for monies retainment & additional cost of investigation fees."[3]  (*Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Moses leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

---

[2] On August 11, 2014, Moses, proceeding *pro se*, filed a civil rights action in this District against three Philadelphia officers asserting that his Fourth Amendment rights were violated during a March 2, 2012 incident. (*See* Civ. A. No. 14-4744, ECF Nos. 1, 3-4.)  By Order of the Court dated March 8, 2018, the case was dismissed without prejudice for failure to prosecute.  (*Id.*, ECF No. 19.)  On June 4, 2020, Geckle entered his appearance on behalf of Moses, seeking relief from the Court's prior dismissal Order.  (*Id.*, ECF Nos. 26-27.)  The case was reopened on December 21, 2020, and Geckle filed an Amended Complaint on January 21, 2021.  (*Id.*, ECF Nos. 28, 31.)  On April 14, 2021, counsel for defendants filed a Motion for Judgment on the Pleadings, which asserted that Moses's claims were time-barred as a matter of law.  (*Id.*, ECF No. 36.)  On April 30, 2021, Geckle filed a Notice of Dismissal.  (*Id.*, ECF No. 37.)

[3] Moses contends that the "extent of his injuries" as pled in his civil case would have rendered "relief between [$]100,000 to [$]250,000."  (Compl. at 5.)

[4] Because Moses is a prisoner, he must still pay the entire filing fee in installments as mandated by the Prison Litigation Reform Act.

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). As Moses is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Federal Law Claims

Moses asserts claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), regarding perceived violations of his rights by his civil attorney. Specifically, Moses avers that "since Geckle was representing a civil action complaint it falls under Bivens in Federal Ct." (Compl. at 4.)

A *Bivens* action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore,* 547 U.S. 250, 254 n. 2 (2006). To establish a claim for relief under *Bivens*, a plaintiff must demonstrate: (1) that the conduct was committed by a federal actor, and (2) that defendant's conduct deprived the plaintiff of a right secured by the Constitution or federal laws. *Brown v. Philip Morris*, 250 F.3d 789, 800 (3d Cir. 2001). Geckle was not rendered a federal actor merely because he was representing Moses in federal court. An attorney does not act under color of federal law for purposes of a *Bivens* action when the attorney performs the traditional functions of counsel. *See Wallace v. Fed. Judges of U.S. Dist. Ct.*, 311 F. App'x 524, 526 (3d Cir. 2008) (the act of filing a pleading with a court does not transform a private actor into an entity acting under color of state or federal law); *Solesbee v. Nation*, Civ. A. No. 06-0333, 2008

WL 244343, at *2 (N.D. Tex. Jan. 29, 2008) (former civil attorney who performed traditional functions of counsel was not a federal actor); *see also Menard v. Mansi*, Civ. A. No. 21-2130, 2021 WL 2156366, at *2 (E.D. Pa. May 27, 2021) (citing *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) (*per curiam*) ("even though paid by the government, [public defender] did not act under color of federal law for purposes of *Bivens* where he was performing traditional functions of counsel")).[5]

Moreover, to the extent that Moses intends to raise claims pursuant to 42 U.S.C. § 1983, Geckle is also not a "state actor" for purposes of § 1983. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Accordingly, because Geckle is not a federal or state actor, Moses cannot state a plausible constitutional claim against him. Thus, the Court must dismiss Moses's constitutional claims against Geckle with prejudice.

---

[5] *See also Richards v. Flynn*, 263 Fed. App'x 496 (7th Cir. 2008) (affirming *sua sponte* dismissal of *Bivens* action against assistant federal public defender); *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); *Allred v. McCaughey*, 257 Fed. App'x 91, 92-93 (10th Cir. 2007); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action"); *Bradford v. Shankman*, 772 F.2d 905 (6th Cir. 1985) ("a private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action"); *Davis v. Van Hook*, Civ. A. No. 13-3277, 2014 WL 1248291 (W.D. La. 2014); *Sistrunk v. Breedy*, Civ. A. No. 11-889, 2011 WL 2976471, n.6 (E.D. La. 2011) ("a federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of Bivens").

**B. State Law Claims**

The Court lack subject matter jurisdiction over Moses's remaining state law claims for legal malpractice and breach of contract.[6] The only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App' x 308, 309 (3d Cir. 2010). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Moses, a prisoner at SCI Laurel Highlands, has made no allegation regarding his pre-incarceration domicile, nor has he alleged the citizenship of Geckle, although he indicates that Geckle is an attorney with an office at 1515 Market Street in Philadelphia, Pennsylvania. (Compl.

---

[6] The Court declines to exercise supplemental jurisdiction over Moses's state law claims due to the dismissal of his federal claims.

at 2.)  Because it is unclear whether diversity exists in this case, there is no basis for the Court to exercise jurisdiction over Moses's claims.  Accordingly, the Court will dismiss Moses's state claims without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Moses leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Moses's federal law claims are dismissed with prejudice, and he will not be given leave to amend his federal law claims because amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Moses's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, and he may file an amended complaint with respect to only his state law claims in the event he can allege a basis for subject matter jurisdiction, namely that there is complete diversity of citizenship among the parties.  Alternatively, Moses may file a complaint in state court so he may proceed on any state law claims in that venue.  An appropriate Order follows.

**BY THE COURT:**


   /s/ Gerald Austin McHugh
United States District Judge