# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MOSES | : | |
| a/k/a SHAWN MOSS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3027 |
| | : | |
| PATRICK GECKLE, ESQ., | : | |
|     Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                        **NOVEMBER 8, 2022**

        Currently before the Court is an Amended Complaint ("AC") filed by Plaintiff Shawn Moses against Patrick Geckle, an attorney who represented Moses in a civil rights lawsuit. (ECF No. 7.) For the following reasons, the Court will dismiss the AC in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and in part for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

        Mr. Moses's initial Complaint named Mr. Geckle as a Defendant based on alleged defects in his representation. Specifically, Moses asserted "a legal malpractice claim against [] Geckle for [] gross negligence . . . & breach of contract." (Compl. (ECF No. 2) at 5.)[2] Moses averred that his "6th & 14th Amendment rights [were] violated by civil counsel's neglect" because Geckle submitted a dismissal notice on April 30, 2021 in *Moses v. The Philadelphia*

---

[1] The following allegations are taken from the Complaint, the AC, and public records of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] The Court uses the pagination assigned to Moses's documents by the CM/ECF docketing system.

*Police Dist. 19 Nets Team*, Civil Action No. 14-4744,[3] without notifying him. (*Id.* at 3.) Mr. Moses contended that, pursuant to the Rules for Professional Conduct, specifically Rule 1.4, Geckle had a duty to communicate with him prior to filing a notice of voluntary dismissal in his civil case. (*Id.* 3-4.) Moses sought compensatory damages "for monies retainment & additional cost of investigation fees." (*Id.* at 5.)

In an August 19, 2022 Memorandum and Order, the Court granted Mr. Moses leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Moses v. Geckle*, Civ. A. No. 22-3027, 2022 WL 3588319, at *1 (E.D. Pa. Aug. 19, 2022). First, with respect to his federal law claims, the Court concluded that Geckle was not rendered a federal actor subject to suit pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) merely because he was representing Moses in federal court. *Id.* at *2. In addition, to the extent that Mr. Moses intended to raise claims pursuant to 42 U.S.C. § 1983, the Court concluded that Geckle was not a "state actor" for purposes of § 1983. *Id.* Because Mr. Geckle was not considered a federal or state actor, the Court dismissed Moses's federal law claims with prejudice and without leave to amend. *Id.* Next, with regard to his state law claims of legal malpractice and breach of

---

[3] On August 11, 2014, Moses, proceeding *pro se*, filed a civil rights action in this District against three Philadelphia officers asserting that his Fourth Amendment rights were violated during a March 2, 2012 incident. (*See* Civ. A. No. 14-4744, ECF Nos. 1, 3-4.) By Order of the Court dated March 8, 2018, the case was dismissed without prejudice for failure to prosecute. (*Id.*, ECF No. 19.) On June 4, 2020, Geckle entered his appearance on behalf of Moses, seeking relief from the Court's prior dismissal Order. (*Id.*, ECF Nos. 26-27.) The case was reopened on December 21, 2020, and Geckle filed an Amended Complaint on January 21, 2021. (*Id.*, ECF Nos. 28, 31.) On April 14, 2021, counsel for defendants filed a Motion for Judgment on the Pleadings, which asserted that Moses's claims were time-barred as a matter of law. (*Id.*, ECF No. 36.) On April 30, 2021, Geckle filed a Notice of Dismissal. (*Id.*, ECF No. 37.)

contract, the Court dismissed those claims without prejudice, concluding that it lacked subject matter jurisdiction because Moses had failed to establish diversity jurisdiction.  *Id.* at *3.

The Court's Order gave Moses thirty days to file an amended complaint as to his state law claims in the event he could allege a basis for subject matter jurisdiction, namely that there is complete diversity of citizenship among the parties.  (ECF No. 6.) Mr. Moses was also instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents filed in this case, and suggested he be mindful of the Court's reasons for dismissing his initial Complaint. (*Id.*)

Mr. Moses returned with his AC,[4] which he completed by utilizing a standard complaint form, again identifying Geckle as the sole Defendant. (Am. Compl. (ECF No. 7).)  Moses cites 28 U.S.C. § 1332(a) as the basis for jurisdiction, stating that "[b]oth parties involved in dispute are United State[s] Citizens." (*Id.* at 2, 3.)  Moses also checked off the box on the form complaint noting that he intends to sue Geckle in his official capacity for malfeasance, violation of professional conduct, and breach of contract.  (*Id.* at 2.)  Despite the prior dismissal with prejudice of his federal law claims, Mr. Moses reiterates that his "6th Amendment right to effective counsel and 14th Amendment right to due process have been violated by retained counsel" in the civil case of *Moses*, Civil Action No. 14-4744.  (*Id.* at 3.)

## II.    STANDARD OF REVIEW

Since Moses is proceeding *in forma pauperis*, his AC is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the AC if it fails to state a

---

[4] Although Moses initially failed to sign his AC as required by Federal Rule of Civil Procedure 11, Moses returned a signed Declaration form to the Court on October 6, 2022 certifying that, *inter alia*, the AC was not being presented for any improper purpose, the claims therein were warranted by existing law, and the factual contentions have evidentiary support.  (ECF No. 9.)

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. Federal Law Claims

To the extent Mr. Moses intends to reassert claims pursuant to 42 U.S.C. § 1983, the Court notes that his federal law claims were previously dismissed with prejudice and without leave to amend. *See Moses*, 2022 WL 3588319, at *2. As the Court previously explained, Mr. Geckle is not a "state actor" for purposes of § 1983. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Accordingly, because Geckle is not a state actor, Moses cannot state a plausible constitutional claim against him. Thus, the Court must dismiss Moses's constitutional claims against Geckle with prejudice.

**B. State Law Claims**

The Court lacks subject matter jurisdiction over Mr. Moses's state law claims for malfeasance and breach of contract.[5] As the Court previously explained, the only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App' x 308, 309 (3d Cir. 2010). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

In his AC, Mr. Moses now asserts that "[b]oth parties involved in dispute are United State[s] Citizens." (Am. Compl. at 2-3.) Subject matter jurisdiction, however, requires that the parties be "citizens of different States." *See* 28 U.S.C. § 1332(a). Moses, a prisoner at SCI

---

[5] The Court declines to exercise supplemental jurisdiction over Moses's state law claims due to the dismissal of his federal claims.

5

Laurel Highlands, has again made no allegation regarding his pre-incarceration domicile, nor has he alleged the citizenship of Geckle, although he reiterates that Geckle is an attorney with an office at 1515 Market Street in Philadelphia, Pennsylvania. (Am. Compl. at 2.) Because Moses did not cure the defects in his initial Complaint, it is again not clear whether diversity exists in this case. Accordingly, the Court cannot exercise jurisdiction over Moses's claims.

As Moses was already granted leave to amend on his state law claims, his claims will be dismissed with prejudice as further attempts to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Consequently, all state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Moses's right to assert these claims in an appropriate state court if he chooses to do so.[6]

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the AC. Moses's federal law claims are dismissed with prejudice for failure to state a claim, and his state law claims will be dismissed for lack of subject matter jurisdiction. Having reviewed the docket in its entirety, the Court concludes that further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). The Clerk will be directed to close this case. However, the dismissal of Moses's state law claims is without

---

[6] The Court expresses no opinion on the merits of any such claims, except to note that Mr. Moses now seeks to hold counsel he retained in 2020 liable for a purported failure to overcome alleged acts of negligence on the part of his original counsel in 2014.

prejudice to him refiling his state law claims in state court, where federal jurisdiction will not be an issue.  An appropriate Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh
_____

**GERALD A. MCHUGH, J.**
